**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No.   20-cr-00028-RM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. CANDELARIA VALLEJO-GALLO,
2. KENIA VALLEJO-GALLO,
3. LUIS GERARDO PALACIOS,
      a/k/a "RARITO"
4. EBER URIEL PEREZ-RAMIREZ,
5. ROSAURA VALLEJO-GALLO,
      a/k/a "PELIGROS"
6. CHRISTIAN PALACIOS,
      a/k/a "MICHI" a/k/a "MICHIGAN"
7. GRECIA STEPHANIE TORRES-PABLO,
      a/k/a "LA GORDA"
8. ALEXIS AARON HERNANDEZ-REYES,
9. JAVIER ALEJANDRO VALLEJO-GALLO,
10. JOSE TOMAS DENES-TORRES,
11. JESUS RUIZ VELASCO-OCHOA,
       a/k/a "GORDO"
12. HUMBERTO GASTELUM-VERDUGO,
13. ENRIQUE RAUL MONTOYA-ARCE,
       a/k/a "PAPO"
14. JESUS ANTILLO-QUINTERO,
15. MARIA GUADALUPE SANCHEZ-GAYTAN,
       a/k/a "LUPITA"
16. OMAR RIVAS-SAENZ,
       a/k/a "GUERO"
17. MARIO ROSENDO IBANEZ-MONTES,
       a/k/a "ROMPOPE"
18. TONATIUH TACUBA-PALACIOS,
       a/k/a "NEGRO"
19. BEATRIZ ADRIANA MARTINEZ-MEZA,
20. MICHELLE JOSEFINA CASTANEDA,
21. EDGAR ABRAHAM ESQUIVEL-TECALCO,
22. ADELA GUZMAN,
23. JUAN FELIPE CABRERA,
24. KAREN DENISSE LOPEZ-JIMENEZ,
25. MARIA MONICA NIETO-ESTRADA,
26. ERIC LEONARD MARTINEZ,

27. STEVEN LUCKENBILL, and
28. CARLOS VICENTE RAMIREZ,

    Defendants.

**GOVERNMENT'S MOTION TO DESIGNATE CASE AS COMPLEX PURSUANT TO 18 U.S.C. § 3161(h)(7)(B)(ii)**

    NOW COMES THE UNITED STATES OF AMERICA, by Cyrus Y. Chung, Assistant United States Attorney, and requests that this Court hold a hearing to determine whether the above-captioned case should be designated as complex, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii).

    In support of this motion, the Government asserts that, under 18 U.S.C. § 3161(h)(7)(B)(ii), the nature of this prosecution would make it unreasonable to expect adequate preparation for pre-trial proceedings and for the trial itself within the time limits established by this statute.   The Government's argument is based on the following:

    1.    This investigation began in December 2018 and continued throughout the calendar year of 2020.   The investigation involved approximately seven months of Title-III, Court-authorized interceptions of wire and/or electronic communications occurring on 15 different phones, which included extensions or renewals of some phone lines. There are an estimated 43,810 call records which will be part of the discovery in this case just stemming from the wiretaps alone.

    2.    During the course of the investigation, more than 6,500 of those calls were deemed to be pertinent calls involving criminal activity.

3. Because much of the evidence in this indictment arose as a result of the wiretaps, the defendants will need full discovery of all of this information in order to prepare for pre-trial motions such as any motion to suppress the wiretaps. Clearly, the defendants will require a substantial amount of time to review the material and to prepare their motions.

4. Moreover, many of the conversations intercepted on the wiretaps, and deemed to be pertinent calls, during the course of these wiretaps were in the Spanish language. The Government has several translators working to prepare English transcripts of the Spanish communications.

5. During the course of the investigation, there were approximately four different stationary pole cameras used as well as two surveillance cameras used at six separate locations for a period of time. These cameras resulted in the recordings of hundreds and possibly thousands of hours of recordings of surveillance. In addition, there were hundreds of tolls records gathered. All of these means of gathering information generate document production which will be a component of the discovery in this case.

6. Due to the number of defendants and the vast amount of discovery, including numerous tape recordings of conversations of the defendants, reports, surveillance logs, and wiretap documents, it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by Title 18, United States Code, Section 3161.

7. The indictment charges twenty-four of the twenty-eight defendants with conspiracy to distribute and possess with the intent to distribute various types and amounts of illegal narcotics.

8. Additionally, there were search warrants served at eight different locations that were executed during the course of the investigation in the state of Colorado. During the execution of these warrants, evidence was seized. The government further anticipates that there will be pre-trial litigation regarding the admissibility of this evidence. Agents also executed numerous search warrants of cellular telephones and similar electronic devices.

9. With respect to other pre-trial litigation, the government anticipates (1) discovery motions; (2) motions attacking the face of the indictment; (3) motions to suppress the wiretaps; (4) motions to suppress physical evidence; (5) motions to suppress statements; (6) motions relating to the admissibility of evidence under Rules 404(b), 608, and 609 of the Federal Rules of Criminal Procedure; and (7) motions relating to the admissibility of co-conspirator statements. The Government further believes that the defense will require additional time to adequately investigate these issues, to prepare their motions, and to litigate these motions prior to trial.

10. Additionally, the Government anticipates that there will be thousands of pages of discovery in this case. The magistrate court originally set a discovery deadline of March 9, 2020, and the Government will endeavor to have much of the discovery provided by that date; however, given the complex and voluminous nature of the case, there will likely be additional discovery that will be produced after that date.

The Government asks the Court to set its own deadline for discovery production.

11.   Further, defendant number 14, JESUS ANTILLO-QUINTERO, was recently arrested and detained in the United States District Court for the Eastern District of California and has not yet appeared in the District of Colorado.   The defendant is being transported by the United States Marshals Service and his date of arrival in this District is unknown at this time.

12.   Given the number of defendants, the amount of discovery to be reviewed and the complexity of the charges, the government believes that the ends of justice will be served by the Court entering a complex case designation under 18 U.S.C. § 3161(h)(7)(B)(ii) and continuing the 70-day trial deadline to a date acceptable to all parties.   Such a continuance outweighs the best interests of the public and the defendants in a speedy trial.

13.   AUSA Cyrus Y. Chung contacted all of the attorneys representing defendants in this case over the past two days.   Counsel for defendants Candelaria Vallejo-Gallo, Kenia Vallejo-Gallo, Luis Gerardo Palacios, Eber Uriel Perez-Ramirez, Christian Palacios, Grecia Stephanie Torres-Pablo, Alexis Aaron Hernandez-Reyes, Javier Alejandro Vallejo-Gallo, Omar Rivas-Saenz, Mario Rosendo Ibanez-Montes, Edgar Abraham Esquivel-Tecalco, Adela Guzman, Maria Monica Nieto-Estrada, and Eric Leonard Martinez have all indicated that they do not object to the filing and granting of this proposed motion.   As of the filing of this motion, counsel for Rosaura Vallejo-Gallo has not yet been able to speak with her to take a position on the motion. Counsel for Beatriz Adriana Martinez-Meza and Michelle Josefina Castenada were

newly appointed this day, February 27, 2020, and therefore have not yet had an opportunity to opine on the motion.

14. Wherefore, the Government respectfully requests that the Court hold a hearing on the Government's Motion for a Complexity Designation and declare the case complex under Title 18, United States Code, Section 3161.

Dated this 27th day of February, 2020.

RESPECTFULLY SUBMITTED,

JASON R. DUNN
UNITED STATES ATTORNEY
DISTRICT OF COLORADO

BY: *s/Cyrus Y. Chung*
CYRUS Y. CHUNG
Assistant United States Attorney
United States Attorney's Office
District of Colorado
1801 California Street, Suite 1600
Denver, CO 80202
Telephone (303) 454-0100
Fax (303) 454-0405
Email: cyrus.chung@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 27th day of February, 2020, I electronically filed the foregoing GOVERNMENT'S MOTION TO DESIGNATE CASE AS COMPLEX PURSUANT TO 18 U.S.C. § 3161(h)(7)(B)(ii) with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record.

      BY:    *s/Stephanie Graham*
                Legal Assistant
                U.S. Attorney's Office
                1801 California St., Suite 1600
                Denver, CO 80202
                Telephone: (303) 454-0100
                Fax: (303) 454-0405