**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Criminal Case No. 20-cr-00028-RM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    CANDELARIA VALLEJO-GALLO,
2.    KENIA VALLEJO-GALLO,
3.    LUIS GERARDO PALACIOS,
      a/k/a "RARITO"
4.    EBER URIEL PEREZ-RAMIREZ,
5.    ROSAURA VALLEJO-GALLO,
      a/k/a "PELIGROS"
6.    CHRISTIAN PALACIOS,
      a/k/a "MICHI" a/k/a "MICHIGAN"
7.    GRECIA STEPHANIE TORRES-PABLO,
      a/k/a "LA GORDA"
8.    ALEXIS AARON HERNANDEZ-REYES,
9.    JAVIER ALEJANDRO VALLEJO-GALLO,
10.   JOSE TOMAS DENES-TORRES,
14.   JESUS ANTILLO-QUINTERO,
16.   OMAR RIVAS-SAENZ,
      a/k/a "GUERO"
17.   MARIO ROSENDO IBANEZ-MONTES,
      a/k/a "ROMPOPE"
19.   BEATRIZ ADRIANA MARTINEZ-MEZA,
20.   MICHELLE JOSEFINA CASTANEDA,
21.   EDGAR ABRAHAM ESQUIVEL-TECALCO,
22.   ADELA GUZMAN,
25.   MARIA MONICA NIETO-ESTRADA,
26.   ERIC LEONARD MARTINEZ, and
28.   CARLOS VICENTE RAMIREZ,

    Defendants.

_____

**ORDER**
_____

This matter is before the Court both *sua sponte* and by virtue of Defendants'[1] Unopposed and Joint Motion to Exclude an Additional 90 Days for the Ends of Justice ("Defendants' Motion") (ECF No. 317).

Shortly after the indictment was filed, the Court set a status conference for February 28, 2020, in order to discuss how the case should go forward with counsel and defendants. Just prior to the status conference, the government filed Government's Motion to Designate Case as Complex ("Government Motion") (ECF No. 170). The Government Motion came to be a focal point of the status conference. After hearing from the parties, the Court orally granted the Government Motion. However, apart from declaring this case complex, the Court did not set motions' dates or a trial date. The reason for this was that discovery had not yet been provided, and was - to say the least - extensive. Without some opportunity for review, defense counsel could not reasonably be expected to discuss dates. Instead, the Court allowed time for discovery production and an initial review by defense counsel and set a further status conference for May 29, 2020. It was the intention of the Court to set motions and trial dates at the conclusion of the May 29, 2020 hearing. But before that date could arrive - COVID did.

COVID consequences need not be recited in great detail. The governor issued stay at home orders. The Chief Judge of this District issued a series of General Orders restricting building access, continuing (subject to further order of the assigned District Judge) trials, and encouraging/permitting virtual proceedings in a variety of circumstances. Detention facilities in

---

[1] The caption of the motion reports that it is both unopposed and "joint." However, the only attorney to affix a digital signature to the motion was counsel for Candelaria Vallejo-Gallo. Nonetheless, in light of the motion's representations, the lack of objection, and the Court's discussion of these matters at a subsequent status conference, the Court considers the motion to be that of all defendants.

this district suspended in person visits - including attorney visits. And these and other consequences were unpredictable in terms of duration and alternatives.

Consequently, this Court converted the May 29, 2020 status conference from an in person setting, which defendants were permitted to attend, to a series of technologically manageable telephonic conferences of counsel only, which did not permit defendants' appearances. Four such conferences with the government and successive blocks of five defense counsel were held on May 29, 2020 (ECF Nos. 302, 318-321.)

In advance of these conferences, the Defendants' Motion was filed. That motion requests that "an additional" 90 days "be excluded from the Speedy Trial clock." (ECF No. 317 at 8.) It also requests a further status conference circa September 1, 2020.

By virtue of its original declaration of complexity, the Court was excluding/tolling speedy trial under a reasonable trial date could be set. Because of the circumstances existing at the time of the February status conference, no such date was set because the defense counsel could not reasonably discuss a setting given their state of knowledge at that time. Because the trial date has not yet been set, there is no fixed date from which to grant an additional extension. And simply granting the motion would yield an outcome both obscure and confusing. But the Court does understand the thrust of the motion following the May status conferences. It is essentially a statement that whatever once may have appeared to be a reasonable date for motions and/or trial, the initial discovery review and COVID complications necessitate a later date.

In this respect, the Court agrees. To the extent that agreement requires the granting (in part) of the Defendants' Motion, the Court will do so. And to the extent findings are necessary, the Court accepts and incorporates herein the factual averments set for in Defendants' Motion as

well as those described in the earlier Government Motion and the ruling thereon. Based on the same, the Court finds that the ends of justice served by the granting of the continuance outweigh the best interests of the defendants and the public in a speedy trial. 18 U.S.C. § 3161 (h)(7)(A).

That being determined, there remains the necessity for trial and motions settings. Having considered the matters set forth in the Government Motion and the Defendants' Motion, as well as the parties concerns and positions as expressed in the February and May status conferences, the Court sets trial in this matter for three (3) weeks to commence on **March 22, 2021**. Motions in this matter other than motions to suppress evidence or statements, challenging the wiretaps, and motions for a *James* hearing, shall be filed on or before **October 1, 2020**. Responses shall be due on or before **October 12, 2020**. Motions to suppress shall be filed on or before **October 26, 2020**. Responses shall be due **November 9, 2020**. Motions challenging the wiretaps shall be filed **November 16, 2020**. Responses shall be filed **November 30, 2020**. Finally, the Court does not conduct *James* hearings. Instead, the Court Orders that the government shall file a *James Proffer* by December 7, 2020. Defendants shall file objections to the Proffer by December 21, 2020. Hearings on pending motions and James issues will be conducted in January, 2021.

ACCORDINGLY, IT IS HEREBY ORDERED that:

(1) The Defendants' Motion (ECF No. 317) is hereby GRANTED to the extent set forth above;

(2) Speedy Trial is tolled through the trial of this matter as set forth above based on the determination of complexity and the further considerations set forth in the Defendants' Motion;

(3) The date for filing motions and responses is as set forth above;

(4) No further status conference will be set at the current time; and

(5) In the event any party wishes to challenge or object to the extent of the Speedy Trial exclusions/continuances set forth herein, said party shall file written objection within ten (10) days of the date of this Order.

Dated this 15th day of June, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge