## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Action No.:  20-cr-28-RM-5

UNITED STATES OF AMERICA,

      Plaintiff,

v.

5.     ROSAURA VALLEJO-GALLO,

      Defendant.

---

## PLEA AGREEMENT

---

The United States of America, by and through Cyrus Y. Chung, Assistant United States Attorney, and the defendant, Rosaura Vallejo-Gallo, personally and by counsel, Derek Samuelson, submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1.

## I.  AGREEMENT

**A.**    **Defendant=s Plea of Guilty:**

The defendant agrees to:  (1) plead guilty to Count Two of the First Superseding Indictment [ECF No. 72], charging a violation of 21 U.S.C. § 846, conspiracy to distribute and possess with intent to distribute controlled substances; (2) admit the forfeiture allegation contained in the First Superseding Indictment [ECF No. 72]; and, (3) waive certain appellate rights as described below.

**B.**    **Government=s Obligations:**

In exchange for the defendant=s plea of guilty, the United States agrees to:

**Court's Exhibit 1**

(1) recommend the Court give the defendant full credit for acceptance of responsibility per U.S. SENTENCING GUIDELINES MANUAL § 3E1.1, unless the defendant engages in conduct that qualifies for the obstruction of justice enhancement under §§ 3C1.1 and 3E1.1, cmt. n.4, between the time of the guilty plea and sentencing; and (2) move to dismiss the remaining counts of the First Superseding Indictment (counts 38 and 40) and the Indictment as to the defendant at the time of sentencing.

### C.   Defendant's Waiver of Appeal

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined.  Understanding this, and in exchange for the concessions made by the Government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following criteria:  (1) the sentence exceeds the advisory guideline range that applies to a total offense level of 29 or, if applicable, the statutory mandatory minimum sentence; or (2) the Government appeals the sentence imposed.  If any of these criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255).  This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the

following grounds: (1) the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute; (2) the defendant was deprived of the effective assistance of counsel; or (3) the defendant was prejudiced by prosecutorial misconduct.

Should the plea of guilty be vacated on the motion of the defendant, the government may, in its sole discretion, move to reinstate any or all of the counts dismissed pursuant to this agreement.

### D.    Forfeiture of Assets

The defendant agrees to admit the forfeiture allegation in the First Superseding Indictment [ECF #72].  The defendant agrees to forfeit to the United States immediately and voluntarily any and all property, or portions thereof, subject to forfeiture, pursuant to 21 U.S.C. § 853, whether in the possession or control of the United States or in the possession or control of the defendant or defendant's nominees, or elsewhere.  The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil, and/or administrative forfeiture action.  The defendant also hereby agrees that the forfeiture described herein is not excessive and, in any event, the defendant waives any constitutional claims that the defendant may have.

The defendant waives and abandons all right, title, and interest to the items seized by law enforcement officers from 9110 E. Florida Ave., Apt 1-202, Denver, Colorado.  The defendant agrees to sign a Federal Bureau of Investigation Waiver of Ownership of Property form regarding these items.  The defendant consents to the

3

vesting of title to the aforementioned items to the United States Government pursuant to Title 41, Code of Federal Regulations, Section 128-48.102-1. The defendant further agrees to hold the United States, its agents and employees, harmless from any claims whatsoever in connection with the seizure and disposition of the aforementioned items.

## II. ELEMENTS OF THE OFFENSE

The parties agree that the elements of the offense to which this plea is being tendered are as follows:

*First*:      Two or more persons agreed to violate the federal drug laws;

*Second*:      The defendant knew the essential objective of the conspiracy;

*Third*:      The defendant knowingly and voluntarily involved herself in the conspiracy;

*Fourth:*      There was interdependence among the members of the conspiracy; and

*Fifth:*      The overall scope of the conspiracy involved at least 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine or at least 50 grams or more of methamphetamine (actual).[1]

## III. STATUTORY PENALTIES

The statutory penalty for Count 2 is not less than 10 years, not more than life imprisonment; not more than a $10,000,000 fine, or both; not less than 5 years supervised release; and a $100 special assessment fee. If a term of probation or supervised release is imposed, any violation of the terms and/or conditions of supervision may result in an additional term of imprisonment.

---

[1] *10th Circuit Pattern Jury Instructions* § 2.87, Controlled Substances—Conspiracy (2018).

4

## IV.  COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including but not limited to the rights to possess firearms, vote, hold elected office, and sit on a jury.  If the defendant is an alien, the conviction may cause the defendant to be deported and removed from the United States or confined indefinitely if there is no country to which the defendant may be deported, to be denied admission to the United States in the future, and to be denied citizenship.

## V.  STIPULATION OF FACTS

The parties agree that there is a factual basis for the guilty plea that the defendant will tender pursuant to this plea agreement.  That basis is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations.  To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from hereafter presenting the Court with additional facts which do not contradict facts to which the parties have stipulated and which are relevant to the Court=s guideline computations, to other 18 U.S.C. § 3553 factors, or to the Court=s overall sentencing decision.

The parties agree the facts are as follows:

5

From at least March 19, 2019 until February 12, 2020, Candelaria Vallejo-Gallo, based in Aurora and Denver, within the District of Colorado, organized the interstate transportation and local distribution of large quantities of illegal drugs.  Candelaria Vallejo-Gallo worked with Mexico-based sources of supply to arrange pickups of illegal drugs from California-based intermediaries working with and for those Mexico-based sources of supply and, during the course of the FBI's investigation into her activities, arranged for the transport of large quantities of methamphetamine, heroin, cocaine, and fentanyl.  To effectuate her scheme of drug distribution, Candelaria Vallejo-Gallo employed a network of co-conspirators, including interstate load runners, local runners, local multi-pound drug customers (who would, in turn, distribute to lower-level drug distributors), and lieutenants to coordinate the activities of the aforementioned co-conspirators.

The defendant was one of Candelaria Vallejo-Gallo's daughters and, on November 27, 2019, she traveled to California to aid Candelaria Vallejo-Gallo in transporting a shipment of drugs from California to Colorado.  Two days later, the defendant followed and monitored a car carrying a load of drugs being driven by co-defendant Juan Felipe Cabrera from California to Colorado.  The Washington County (Utah) Drug Task Force stopped that car on November 29, 2019 in Utah while it was en route to Candelaria Vallejo-Gallo in Colorado, and the defendant delivered a real-time report of law enforcement's actions to Candelaria Vallejo-Gallo.  Officers in Utah conducted a K9 search of the vehicle, finding approximately 47 pounds of

6

methamphetamine concealed throughout the vehicle.  The driver was arrested, and the

defendant proceeded back to Colorado.  The methamphetamine was sent to the DEA

Western Laboratory, which tested it and found that it was 19,977 grams of 98% pure

methamphetamine, for a total of 19,577 grams of methamphetamine (actual).

## VI.   ADVISORY GUIDELINE COMPUTATION AND 3553 ADVISEMENT

The parties understand that the imposition of a sentence in this matter is

governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed,

the Court is required to consider seven factors. One of those factors is the sentencing

range computed by the Court under advisory guidelines issued by the United States

Sentencing Commission. In order to aid the Court in this regard, the parties set forth

below their estimate of the advisory guideline range called for by the United States

Sentencing Guidelines. To the extent that the parties disagree about the guideline

computations, the recitation below identifies the matters which are in dispute.

The Guideline calculation below is the good-faith estimate of the parties, but it is

only an estimate.  The parties understand that the government has an independent

obligation to assist the Court in making an accurate determination of the correct

guideline range.  To that end, the government may make legal or factual arguments that

affect the estimate below.

> **A.**    **Base Offense Level**: The base offense level is __34__ because, although the
>
> relevant conduct involved over 4.5 kilograms of methamphetamine

7

(actual), the parties stipulate that Ms. Vallejo-Gallo should receive a minor-role adjustment under USSG §3B1.2.  USSG § 2D1.1(a)(5).

**B.**    **Specific Offense Characteristics**: No specific offense characteristics in § 2D1.1 apply.

**C.**    **Adjustments**: The parties stipulate that Ms. Vallejo-Gallo should receive a **2-level** reduction pursuant to USSG §3B1.2 because she was a minor participant in the criminal activity.  No other victim, role-related, and career offender adjustments apply.

**D.**    **Acceptance of Responsibility**: The parties agree that the defendant should receive a **3-level** adjustment for acceptance of responsibility. USSG ' 3E1.1(b).

**E.**    **Adjusted Total Offense Level:**  The parties agree that the defendant's adjusted total offense level is **29**.

**F.**    **Criminal History Category:**  The parties understand that the defendant=s criminal history computation is tentative.  The criminal history category is determined by the Court based on the defendant=s prior convictions. Based on the information currently available to the parties, the government estimates that the defendant's criminal history category is **I**. USSG § 4B1.1(b).

**G.**    **Imprisonment:**  The advisory guideline range of imprisonment resulting from an offense level of **29** and a criminal history category of **I** is **87 to 108**

**months' imprisonment**.  Because the maximum of the applicable guideline range is less than the statutorily required minimum sentence, the guideline sentence is **120 months' imprisonment**.  USSG § 5G1.1(b).  However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level estimated above could conceivably result in a range from 120 months (statutorily required minimum sentence pursuant to 21 U.S.C. § 841(b)(1)(A)) to 188 months (top of Category VI).  In any event, the guideline range would not exceed the statutory maximum applicable to the count of conviction.

H. **Fine Range:**  For an offense level of 29, the fine range would be $30,000 to $10,000,000.  USSG § 5E1.2 and 21 U.S.C. § 841(b)(1)(A).

I. **Supervised Release**:  If the Court imposes a term of supervised release, that term shall be at least five years.  USSG § 5D1.2(c); 21 U.S.C. § 841(b)(1)(A).

J. **Restitution**:  The parties agree that there is no restitution in this case.

The parties understand that although the Court will consider the parties= estimate, the Court must make its own determination of the guideline range.  In doing so, the Court is not bound by the position of any party.

No estimate by the parties regarding the guideline range precludes either party from asking the Court, within the overall context of the guidelines, to depart from that range at sentencing if that party believes that a departure is specifically authorized by

9

the guidelines or that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the United States Sentencing Commission in formulating the advisory guidelines.  Similarly, no estimate by the parties regarding the guideline range precludes either party from asking the Court to vary entirely from the advisory guidelines and to impose a non-guideline sentence based on other 18 U.S.C. § 3553 factors.

The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. § 3553 factor.

//

//

//

//

//

//

//

//

10

## VII.   ENTIRE AGREEMENT

This document states the parties= entire agreement.  There are no other promises, agreements (or "side agreements"), terms, conditions, understandings, or assurances, express or implied.  In entering this agreement, neither the Government nor the defendant has relied, or is relying, on any terms, promises, conditions, or assurances not expressly stated in this agreement.

Date: 12-15-20

Rosaura Vallejo-Gallo
Defendant

Date: 12.15.2020

Derek Samuelson
Attorney for Defendant

Date: 15 Dec 2020

Cyrus Y. Chung
Attorney for the United States