Spanish translation of Plea Agreement   Rosaura Vallejo Gallo 20-cr-28-RM-5

# EN EL TRIBUNAL DE PRIMERA INSTANCIA DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE COLORADO

Caso Criminal No. 20-cr-28-RM-5

ESTADOS UNIDOS DE AMÉRICA,

    Demandante,

Contra

5.    ROSAURA VALLEJO GALLO,

    Acusada.

## ACUERDO DECLARATORIO DE CULPABILIDAD

Los Estados Unidos de América, por y a través de Cyrus Y. Chung, Fiscal Federal Delegado de los Estados Unidos, y la acusada, Rosaura Vallejo Gallo, personalmente y por su abogado Derek Samuelson, presentan el siguiente Acuerdo Declaratorio en conformidad con la Regla Local 11.1 del Tribunal Federal del Distrito de Colorado.

### I. ACUERDO

**A.**    **Declaración de Culpabilidad de la Acusada:**

La acusada conviene: (1) declararse culpable del Cargo Dos de la Primera Acusación Formal Reemplazante [ECF No. 72] acusándola de violaciones del Título 21 del Código Penal de los Estados Unidos Sección 846, conspiración para distribuir y posesión con intención de distribuir sustancias controladas; (2) admitir el alegato de decomiso contenido en la Primera Acusación Formal Reemplazante [ECF No. 72]; y (3) renunciar ciertos derechos de apelación tal como se detalla a continuación.

**B.**    **Obligaciones del Gobierno:**

A cambio de la declaración de culpabilidad de la acusada, los Estados Unidos conviene: (1) recomendar que el Juez le otorgue a la acusada el crédito total por

**Court's Exhibit 1A**

aceptación de responsabilidad de acuerdo con el manual de Sentencias de los Estados Unidos Sección 3E1.1 a menos que la acusada participe en conducta que califique para el aumento por obstrucción de justicia bajo las Secciones 3C1.1 y 3E1.1 comentario nota 4 entre el momento de la declaración de culpabilidad y la sentencia; y (2) pedir desestimar los cargos restantes de la Primera Acusación Formal Reemplazante (cargos 38 y 40) y de desestimar la Acusación Formal en cuanto a la acusada en el momento de la sentencia.

### C.     Renuncia de la Apelación de la Acusada:

La acusada entiende que el Título 18 del Código de los Estados Unidos, Sección 3742 le ofrece el derecho de apelar la sentencia, incluyendo la forma en la cual dicha sentencia sea determinada. Entendiendo esto, y a cambio de las concesiones hechas por el gobierno en este acuerdo, la acusada a sabiendas y voluntariamente renuncia el derecho de apelar cualquier asunto en conexión con este proceso, condena, o sentencia, a menos que cumpla con uno de los siguientes criterios: (1) la sentencia excede el margen recomendado de las pautas de sentencias que se aplica a un nivel delictivo total de 29 o si se aplica, la sentencia mínima obligatoria por ley o (2) si el gobierno apela la sentencia impuesta. Si cualquiera de estos tres criterios se aplica, la acusada podrá apelar sobre cualquier fundamento debidamente disponible que sigue una declaración de culpabilidad.

La acusada además a sabiendas y voluntariamente renuncia el derecho de refutar este proceso penal, condena, o sentencia en cualquier ataque colateral (incluyendo pero no limitado a una petición presentada bajo el Título 28 del Código de los Estados Unidos Sección 2255). Esta provisión de la renuncia no le impide a la acusada pedir amparo normalmente disponible en un ataque colateral sobre cualquiera de los siguientes fundamentos: (1) La acusada debe recibir el beneficio de cualquier cambio retroactivo

2

explícitamente en las pautas de sentencias o en la ley sobre sentencias; (2) si la acusada fue negada la ayuda efectiva de un abogado; o (3) si la acusada fue perjudicada por mala conducta de la fiscalía.

En caso de que la declaración de culpabilidad quede cancelada por petición de la acusada, el gobierno podrá, según su propia discreción, pedir recapacitar todos o cualquiera de los cargos desestimados en conformidad con este acuerdo.

### D.     Decomiso de Bienes

La acusada está de acuerdo de admitir el alegato de decomiso de bienes en la Primera Acusación Formal Reemplazante [ECF No. 72]. La acusada conviene ceder el derecho a los Estados Unidos inmediatamente y voluntariamente cualquier y toda propiedad, o porción de la misma, sujeta al decomiso, en conformidad con el Título 21 del Código de los Estados Unidos, Sección 853, ya sea si está en posesión o control de los Estados Unidos o en posesión o control de la acusada o los designados de la acusada, o en otro lugar. La acusada conviene y acepta el decomiso de estos bienes en conformidad con cualquier acción criminal, civil, y/o administrativa en cuanto al decomiso de bienes. La acusada también por medio de la presente está de acuerdo que el decomiso de propiedad descrito aquí no es excesivo y en cualquier caso, la acusada renuncia cualquier reclamo constitucional que pueda tener la acusada.

La acusada renuncia y abandona todo derecho, título e interés de los artículos incautados por los oficiales en 9110 E. Florida Ave., Apt 1-202, Denver, Colorado. La acusada conviene firmar un formulario del FBI de la Renuncia de Propiedad referente a estos artículos. La acusada afirma ceder el título de los artículos previamente mencionados al Gobierno de los Estados Unidos conforme al Título 41 del Código de Reglamentos federales, Sección 128-48. 102-1. La acusada adicionalmente conviene

exonerar a los Estados Unidos, sus agentes y empleados de cualquier responsabilidad y cualquier reclamo en conexión con la incautación y disposición de los artículos previamente mencionados.

## II. ELEMENTOS DEL DELITO

Las partes están de acuerdo que los elementos del delito por el cual se presenta este acuerdo de culpabilidad, son los siguientes:

*Primero:* Dos personas o más se pusieron de acuerdo para violar las leyes federales contra drogas;

*Segundo:* La acusada sabía el objetivo esencial de la conspiración;

*Tercero:* La acusada a sabiendas y voluntariamente se involucró ella misma en la conspiración;

*Cuarto*: Hubo interdependencia entre los miembros de la conspiración; y

*Quinto*: El alcance en general de la conspiración involucró por lo menos 500 gramos o más de una mezcla y sustancia conteniendo una cantidad detectada de metanfetamina o por lo menos 50 gramos o más de metanfetamina (pura).[1]

## III. PENALIDADES ESTATUTARIAS

La penalidad estatutaria por el Cargo 2 es un mínimo de 10 años hasta un máximo de vida en prisión; hasta $10,000,000 de multa, o ambas penalidades; mínimo de 5 años de libertad supervisada después de la prisión; y un gravamen obligatorio especial de $100. Si se impone un plazo de libertad condicional o de libertad supervisada, cualquier violación de los términos y/o condiciones de supervisión podrá resultar en tiempo adicional de prisión.

---

[1] *Instrucciones Normativas del 10° Circuito par el Jurado Sección 2.87,* Sustancias Controladas – Conspiración (2018).

4

## IV. CONSECUENCIAS COLATERALES

La condena podrá causar la pérdida de derechos civiles, incluyendo pero no limitado a los derechos de poseer armas de fuego, de votar, de mantener un puesto oficial por elecciones, y de server como integrante en un jurado. Si la acusada es una extranjera, la condena podrá causar que la acusada sea deportada y expulsada de los Estados Unidos, que se le pueda negar la entrada a los Estados Unidos y se le puede negar la ciudadanía.

## V. ESTIPULACIÓN DE LOS HECHOS

Las partes están de acuerdo que existen hechos que fundamentan la declaración de culpabilidad que la acusada presentará conforme a este acuerdo de culpabilidad. Ese fundamento se detalla a continuación. Por lo que el Juez debe, como parte de su metodología condenatoria, calcular el margen recomendado de las pautas de sentencias por el delito de la condena, considerar conducta relevante, y considerar otros factores establecidos en el Título 18 del Código de los Estados Unidos, Sección 3553, factores adicionales se pueden incluir a continuación los cuales sean pertinentes para aquellas consideraciones y computaciones. En caso de que las partes se encuentren en desacuerdo acerca de los hechos indicados a continuación, la estipulación de hechos identifica los factores que se conocen estar en disputa en el momento de firmar este acuerdo declaratorio de culpabilidad.

Esta estipulación de hechos no impide que alguna de las partes le presente al Juez en adelante con hechos adicionales que no contradigan los hechos que se han estipulado y los cuales sean relevantes para la computación del Juez de las Pautas de Sentencias y otros factores bajo el Título 18 del Código de los Estados Unidos, Sección 3553, o para la decisión del Juez en general referente a la sentencia.

Spanish translation of Plea Agreement  Rosaura Vallejo Gallo 20-cr-28-RM-5

Las partes están de acuerdo que los hechos son los siguientes:

Desde por lo menos el 19 de marzo, 2019 hasta el 12 de febrero, 2020, Candelaria Vallejo Gallo, basada en Aurora y Denver, dentro del Distrito de Colorado, organizó el transporte entre estados y la distribución local de grandes cantidades de drogas ilegales. Candelaria Vallejo Gallo trabajaba con fuentes de surtido radicados en México para surtir y para coordinar recoger drogas ilegales de intermediaros radicados en California trabajando con y para aquellas fuentes de surtido radicados en México y durante el curso de la investigación de la FBI en cuanto a sus actividades, coordinó el transporte de grandes cantidades de metanfetamina, heroína, cocaína y fentanil. Para efectuar su esquema de distribución de drogas, Candelaria Vallejo Gallo empleó una red de co-conspiradores, incluso transportadores de cargas entre estados, transportadores locales, y clientes locales de múltiples libras de drogas (quienes a su vez distribuían a distribuidores de drogas de menores niveles) y a tenientes para coordinar las actividades de los co-conspiradores previamente mencionados.

La acusada era una de las hijas de Candelaria Vallejo Gallo, y el 27 de noviembre, 2019, ella viajó a California para ayudarle a Candelaria Vallejo Gallo para transportar una carga de drogas desde California a Colorado. Dos días después, la acusada siguió y monitoreó un carro que llevaba una carga de drogas manejado por el coacusado Juan Felipe Cabrera de California a Colorado. El equipo Contra Drogas del Condado de Washington (Utah) paró ese carro el 29 de noviembre, 2019 en Utah mientras estaba en ruta a Candelaria Vallejo Gallo en Colorado, y la acusada entregó un informe en tiempo real de las acciones de los oficiales de la ley a Candelaria Vallejo gallo. Los oficiales en Utah llevaron a cabo un registro del vehículo con un canino, encontrando aproximadamente 47 libras de metanfetamina ocultado a través del vehículo. El conductor

6

fue arrestado y la acusada siguió de regreso a Colorado. La metanfetamina se envió al Laboratorio Occidental de la DEA, el cual la analizó y halló que eran 19,977 gramos de metanfetamina del 98% de pureza, para un total de 19,577 gramos de metanfetamina (pura).

## COMPUTACIÓN DE LAS PAUTAS DE SENTENCIAS RECOMENDADAS Y NOTIFICACIÓN 3553

Las partes entienden que la imposición de una sentencia en esta causa se gobierna por el Título 18 del Código de los Estados Unidos, Sección 3553. Al determinar la sentencia específica que se debe imponer, se le requiere al Juez considerar siete factores. Uno de esos factores es el margen condenatorio computado por el Juez bajo las pautas recomendadas promulgadas por las Pautas de Sentencias de los Estados Unidos. Para asistirle al Juez en este aspecto, las partes indican a continuación sus computaciones del margen recomendado de las pautas de sentencias por las Pautas de Sentencias de los Estados Unidos. En caso de que las partes tengan algún desacuerdo en cuanto a la computación de las pautas, la recitación a continuación identifica los hechos que se encuentran en disputa.

La computación de las Pautas de Sentencias a continuación es una computación de buena fe de las partes, pero es apenas una estimación. Las partes entienden que el gobierno tiene una obligación independiente de ayudarle al Juez en llegar a una determinación precisa del margen correcto de las pautas. Par ese fin, el gobierno podrá hacer argumentos legales o sobre los hechos que afecten la computación a continuación.

    **A.**    **Nivel Delictivo Básico**: El nivel delictivo básico es **34** porque aunque la conducta relevante involucró más de 4.5 kilogramos de metanfetamina(pura), las partes estipulan que la Señora Vallejo Gallo debe

7

recibir una reducción por tener un papel menos bajo las Pautas de Sentencias de los Estados Unidos, Sección 3B1.2 Pautas de Sentencias de los Estados Unidos, Sección 2D1.1(a)(5).

B. **Características Específicas del Delito**: No se aplica ninguna característica específica del delito bajo la Sección 2D1.1.

C. **Ajustes**:  Las partes estipulan que la Señora Vallejo Gallo debería recibir una reducción de **2 niveles** en conformidad con las Pautas de Sentencias de los Estados Unidos Sección 3B1.2 porque ella fue un participante menor en la actividad criminal. No hay ningún otro ajuste relacionado a víctimas, su papel, ni por llevar una carrera delictiva de ofensora.

D. **Aceptación de Responsabilidad**: Las partes están de acuerdo que la acusada debería recibir una reducción de **3 niveles** por aceptación de responsabilidad. Pautas de Sentencias de los Estados Unidos, Sección 3E1.1(b).

E. **Nivel Delictivo Ajustado Total:**  Las partes están de acuerdo que el nivel delictivo ajustado total es **29.**

F. **Categoría de la Historia Criminal**:  Las partes entienden que la categoría de la historia criminal de la acusada es tentativa. La categoría de la historia criminal se determina por el Juez basándose en las condenas previas de la acusada. Basándose en la información actualmente disponible para las partes, el gobierno calcula que la categoría de la historia criminal de la acusada es I. Pautas de Sentencias de los Estados Unidos, Sección 4B1.1(b).

Spanish translation of Plea Agreement   Rosaura Vallejo Gallo 20-cr-28-RM-5

**G.** **Encarcelamiento:** El margen recomendado de encarcelamiento las pautas de sentencias que resulta de un nivel delictivo de **29** y la categoría I de la historia criminal es de **87 a 108 meses de prisión**. Debido a que el margen máximo del margen aplicable de la sentencia es menos de la sentencia mínima obligatoria requerida por ley, la sentencia bajo las pautas es de **120 meses de prisión.** Pautas de Sentencias de los Estados Unidos, Sección 5G1.1(b). Sin embargo, para la mayor precisión posible, por lo que la categoría de la Historia criminal de la acusada todavía no se ha determinado, el nivel delictivo calculado previamente podría posiblemente resultar en un margen desde 120 meses (la sentencia mínima obligatoria por ley conforme al Título 21 del Código de los Estados Unidos, Sección 841(b)(1)(A) hasta 188 meses (lo máximo de la Categoría VI). En cualquier caso, el margen de las pautas no sería más de lo máximo aplicable por ley por el cargo de la condena.

**H.** **Margen de Multa:** Para un nivel delictivo de 29, el margen de multas sería de $30,000 a $10,000,000. Pautas de Sentencias de los Estados Unidos, Sección 5E1.2 y el Título 21 del Código de los Estados Unidos, Sección 841(b)(1)(A).

**I.** **Libertad Supervisada después de la Prisión:** Si el Juez impone un plazo de libertad supervisada, dicho tiempo será de por lo menos cinco años. Pautas de Sentencias de los Estados Unidos, Sección 5D1.2(c); Titulo 21 del Código Penal de los Estados Unidos, Sección 841(b)(1)(A).

**J.** **Indemnización:** Las partes están de acuerdo que no hay indemnización en este caso.

Spanish translation of Plea Agreement   Rosaura Vallejo Gallo 20-cr-28-RM-5

Las partes entienden que aunque el Juez considerará las computaciones de las partes, el Juez debe hacer su propia determinación del margen de las pautas de sentencias. Al hacerlo, el Juez no está comprometido por la posición de ninguna de las partes.

Ninguna computación de las partes referente al margen de las pautas de sentencias impide que cualquiera de las partes le pida al Juez, dentro del contexto general de las pautas, que se desvíe de dicho margen en la sentencia si dicha parte cree que se autoriza específicamente alguna desviación por las pautas o que existe alguna circunstancia agravada o mitigada de alguna clase, o hasta cierto grado no considerada debidamente por la Comisión de Sentencias de los Estados Unidos al formula las pautas recomendadas. Igualmente, ninguna computación de las partes referente al margen de las pautas prohíbe que cualquiera de las partes del pida al Juez variarse totalmente de las pautas de sentencias recomendadas y que imponga una sentencia fuera de las pautas de sentencias basándose en otros factores bajo el Título 18 del Código de los Estados Unidos, Sección 3553.

Las partes entienden que el Juez tiene la libertad, al considerar y aplicar debidamente todos los factores bajo el Título 18 del Código de los Estados Unidos, Sección 3553, de imponer aquella sentencia razonable que considere indicada al ejercer su discreción, y que dicha sentencia podrá ser menos de los que se indica por las pautas recomendadas (en tiempo o forma), dentro del margen recomendado de las pautas de sentencias, o más del margen recomendado de las pautas de sentencias, hasta e incluso encarcelamiento por el plazo máximo estatutario, no obstante, de cualquier computación o posición de cualquier parte sobre cualquier factor bajo el Título 18 del Código de los Estados Unidos, Sección 3553.

10

Spanish translation of Plea Agreement   Rosaura Vallejo Gallo 20-cr-28-RM-5

## VII.  ACUERDO ENTERO

Este documento declara el acuerdo entero entre las partes. No hay ninguna otra promesa, acuerdo (ni "acuerdo adicional"), término, condición, entendimiento ni garantía, ni expresada ni implicada. Al celebrar este acuerdo, ni el Gobierno ni la acusada ha contado ni cuenta con ningún término, promesa, condición ni garantía que no se ha declarado expresamente en este acuerdo.

Fecha: 15-12-20

Rosaura Vallejo Gallo
Acusada

Fecha: 12.15.2020

Derek Samuelson
Abogado de la Acusada

Fecha: 15 Dec 2020

Cyrus Y. Chung
Abogado de los Estados Unidos

11

Spanish translation of Plea Agreement   Rosaura Vallejo Gallo 20-cr-28-RM-5

### Translator's Certification

I, MARCELA SALAZAR, certified federal court interpreter of English and Spanish by the Administrative Office of the United States Courts, hereby certify that I have personally translated the preceding Plea Agreement regarding defendant Rosaura Vallejo Gallo, Case Number 20-cr-0028-RM-5 from English to Spanish, and that said translation is true and accurate to the best of my abilities, understanding, and belief.

*S/Marcela Salazar*
Marcela Salazar
Certified Federal Court Interpreter

Denver, Colorado
December 1, 2020